IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PERCY FOREMAN, PRO SE, Also Known as LARRY FOREMAN, TDCJ-CID No. 926545, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:10-CV-0189 |
| JOE C. PONDER, | § § § | |
| Defendant. | § § | |

**ORDER REVOKING PAUPER STATUS AND ORDER OF DISMISSAL**

Plaintiff PERCY FOREMAN, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against various defendants employed by or otherwise associated with the Texas Department of Criminal Justice and was granted leave to proceed *in forma pauperis*.

On June 22, 2011, a Report and Recommendation was filed by the United States Magistrate Judge noting plaintiff's recent accumulation of three "strikes", analyzing plaintiff's litigation history and his claims under Title 28, United States Code, section 1915(g), and recommending plaintiff's pauper status be revoked and the instant cause be dismissed for failure to pay the filing fee.

Plaintiff was instructed that, if he elected to pay the filing fee, he could utilize the period for objections in which to do so.

Plaintiff did not pay the filing fee. Plaintiff filed his objections on July 1, 2011.

By his Objections, plaintiff argues the dismissal of some claims in a case in which the remainder of the claims go forward is not sufficient to constitute a strike. Plaintiff is wrong. Partial dismissals, that is, dismissals of some but not all defendants in a lawsuit, are by Fifth Circuit practice, counted as a strike, even where the remaining defendant(s) go to summary judgment or trial. See, e.g., *Adeleke v. Heaton*, 352 F.Appx. 904, 2009 WL 3682539 No. 08-11211 (5th Cir. – Nov. 5, 2009); *Foreman v. Potter*, 2010 WL 2465 232, No. 09-11172 (5th Cir. June 18, 2010).

Plaintiff argues cause nos. 9:02-CV-0339 and 9:02-C-0052 should be counted as only one strike under the PLRA because they were consolidated into a single case. Nevertheless, the Fifth Circuit has counted them as two strikes. In any event, even if cause nos. 9:02-CV-0339 and 9:02-C-0052 were counted as a single strike, plaintiff still has two other strikes, cause no. 2:10-CV-0121 and cause no. 7:07-CV-0151. Thus, plaintiff has sustained three strikes under the PLRA. Plaintiff's allusions to two cases being paid in full and another being "half paid in full" do not change the fact that, in each of his cases discussed herein, plaintiff proceeded in forma pauperis..

A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

The undersigned United States District Judge has made an independent examination of the record in this case and has examined the Report and Recommendation of the Magistrate Judge, as well the objections filed by plaintiff. The District Judge is of the opinion plaintiff's objections should be, and hereby are, OVERRULED. The District Judge is of the further opinion

that the Magistrate Judge's Report and Recommendation should be, and hereby is, ADOPTED, as supplemented herein.

IT IS THEREFORE ORDERED:

1. Plaintiff's pauper status is REVOKED.

2. The instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE. 28 U.S.C. § 1915(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this 7th day of July, 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE